IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01963-BNB

WYATT T. HANDY JR.,

    Plaintiff,

v.

DEP. VIGIL, Individual and Official Capacity,
UNKNOWN NURSE, Individual and Official Capacity,
PATTY KELLY, Individual and Official Capacity,
SHERIFF GREYSON ROBINSON, Individual and Official Capacity,
SGT. RANKIN, Individual and Official Capacity,
DEP. LANE, Individual and Official Capacity,
DEP. LITWILER, Individual and Official Capacity,
DEP. JOHNSON, Individual and Official Capacity,
DEP. HOBAUGH, Individual and Official Capacity,
DEP. THIRET, Individual and Official Capacity,
DEP. EMERSON, Individual and Official Capacity,
SGT. CLARK, Individual and Official Capacity,
DEP. HOPKINS, Individual and Official Capacity,
DEP. WOODS, Individual and Official Capacity,
DEP. VINCENT, Individual and Official Capacity,
DEP. KRAUS, Individual and Official Capacity,
SHERRI HADEK, Individual and Official Capacity,
CORNELIUS JOHNSON, Individual and Official Capacity,
SGT. SPAIN-MADRIGAL, Individual and Official Capacity,
LT. CRECELIUS, Individual and Official Capacity,
DOCTOR GROPE, Individual and Official Capacity,

    Defendants.

## ORDER

On July 23, 2013, Plaintiff, Wyatt T. Handy Jr., filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 29 U.S.C. § 794(a) (Rehabilitation Act of 1973), 42 U.S.C. § 12132 (Americans with Disabilities Act 1990), and the Religious Land Use and Institutionalized Persons Act.  The Court granted Plaintiff leave to

proceed pursuant to § 1915 and subsequently directed Plaintiff to amend the Complaint to comply with Fed. R. Civ. P. 8.  Plaintiff filed an Amended Complaint on November 12, 2013.

The Court must construe Plaintiff's Amended Complaint liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  Plaintiff will be directed to file a Second Amended Complaint for the reasons stated below.

Like the original Complaint, Plaintiff's Amended Complaint generally fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The Amended Complaint names twenty-one defendants and asserts twenty-six claims.  Rather than provide a short and concise statement under the Cause of Action section of the Complaint that identifies a specific constitutional violation, the nature of the violation, and how each responsible defendant participated in the violation, Plaintiff asserts a conclusory and vague statement against defendants and refers to his narrative statement in the Nature of the Case section of the Complaint form.  The narrative statement does not comply with the pleading requirements stated in Rule 8.

The Court also finds that the Complaint improperly combines a number of separate and unrelated claims against different defendants.  Pursuant to Rule 18(a) of the Federal Rules of Civil Procedure, "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." However, the issue of whether multiple defendants may be joined in a single action is governed by Rule 20(a)(2) of the Federal Rules of Civil Procedure, which provides:

> (2) **Defendants**. Persons . . . may be joined in one action as defendants if:
>
>> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>>
>> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a).

Plaintiff has identified seven different incidents. The incidents involve the alleged actions of various defendants and raise a wide range of issues including (1) excessive force and inadequate medical treatment; (2) taking of special contact lenses; (3) disciplinary charges in retaliation for filing a grievance for the denial of his contact lenses; (4) refusal by staff to authorize grievances against two other staff members; (6) disciplinary charges in retaliation for seeking authorization of the grievances; (5) denied participation in two Islamic holidays and the meals for the feast; (6) denial of a Kosher diet; and (7) harassment by staff member for filing a grievance.

Plaintiff claims each of these incidents were in retaliation for filing either a grievance or a lawsuit. "Mere allegations of constitutional retaliation will not suffice; plaintiff must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990); *see Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (a plaintiff must demonstrate that the "alleged retaliatory motives were the 'but for' cause of the defendants' actions"). Plaintiff fails to assert specific facts showing that the "but for" reason for retaliation is his filing grievances or lawsuits. He may not join separate and

unrelated incidents against multiple defendants based on a conclusory statement of retaliation. *See Gillon v. Fed. Bureau of Prisons, et al.*, 424 F. App'x 722, 725-26 (10th Cir. 2011) (finding that plaintiff could not join separate and unrelated claims arising out of different incidents based on an "overarching" allegation of retaliation).

Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

"Misjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. Instead, " '[t]o remedy misjoinder, . . . the court has two remedial options: (1) misjoined parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may be severed and proceeded with separately.' " *Nasious v. City and County of Denver*, 415 F. App'x 877, 881 (10th Cir. 2011) (quoting *DirecTV, Inc., v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006)). The Court will refrain from dropping or severing parties at this time, however, because Plaintiff must submit a Second Amended Complaint that is consistent with Rule 8 and the joinder requirements of the Federal Rules of Civil Procedure. Accordingly, it is

ORDERED that Plaintiff shall have **thirty days from the date of this Order** to file an Amended Complaint as directed above. It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant) along with the applicable instructions at www.cod.uscourts.gov, to be used in filing the Second Amended Complaint. It is

FURTHER ORDERED that if Plaintiff fails to comply within the time allowed the

Court will address the misjoinder of parties and claims pursuant to Fed. R. Civ. P. 21.

DATED December 20, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge