IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01963-BNB

WYATT T. HANDY JR.,

    Plaintiff,

v.

DEP. VIGIL, Individual and Official Capacity,
UNKNOWN NURSE, Individual and Official Capacity,
PATTY KELLY, Individual and Official Capacity,
SHERIFF GREYSON ROBINSON, Individual and Official Capacity,
SGT. RANKIN, Individual and Official Capacity,
DEP. LANE, Individual and Official Capacity,
DEP. LITWILER, Individual and Official Capacity,
DEP. JOHNSON, Individual and Official Capacity,
DEP. HOBAUGH, Individual and Official Capacity,
DEP. THIRET, Individual and Official Capacity,
DEP. EMERSON, Individual and Official Capacity,
SGT. CLARK, Individual and Official Capacity,
DEP. HOPKINS, Individual and Official Capacity,
DEP. WOODS, Individual and Official Capacity,
DEP. VINCENT, Individual and Official Capacity,
DEP. KRAUS, Individual and Official Capacity,
SHERRI HADEK, Individual and Official Capacity,
CORNELIUS JOHNSON, Individual and Official Capacity,
SGT. SPAIN-MADRIGAL, Individual and Official Capacity,
LT. CRECELIUS, Individual and Official Capacity,
DOCTOR GROPE, Individual and Official Capacity,

    Defendants.

## ORDER DENYING MOTION FOR RECONSIDERATION

    Plaintiff, Wyatt T. Handy, filed *pro se* a Motion for Reconsideration, ECF No. 21. Mr. Handy asks that the Court reconsider the order entered on December 20, 2013. The Order directs Mr. Handy to submit a Second Amended Complaint that complies with Rules 8 and 21 of the Federal Rules of Civil Procedure. The Court specifically

ordered Mr. Handy to assert his claims in a short and concise format under the Cause of Action section of the Complaint form and to identify a specific constitutional violation, the nature of the violation, and how each responsible defendant participated in the violation. The Court further found that the Amended Complaint is not in keeping with Rule 21. Mr. Handy improperly combines a number of separate and unrelated claims against different defendants and attempts to relate the incidents by asserting an overarching allegation of retaliation. Mr. Handy may not join separate and unrelated claims arising out of different incidents based on an overarching allegation of retaliation. *See Gillon v. Fed. Bureau of Prisons, et al.*, 424 F. App'x 722, 725-26 (10th Cir. 2011).

Mr. Handy contends that he has stated his claims in a short and concise in the action section of the Complaint form and his claim of retaliation is supported by specific facts. Mr. Handy also asserts that he is not subject to the PLRA screening process because he was not incarcerated at the time he filed this action and that the Court should have directed him to state his claims in the Cause of Action section of the Complaint form and raised the misjoinder issue in the October 18, 2013 Order. Mr. Handy asks the Court to proceed with addressing his claims, or in the sever any misjoined claims and parties.

The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration." *Hatfield v. Board of County Com'rs for Converse County*, 52 F.3d 858 (10th Cir. 1995) (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) *cert. denied*, 506 U.S. 828 (1992)). Nonetheless, a litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P.

59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Handy's Motion, however, does not challenge a final judgment.

The Motion is an "interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment." *Fye v. Oklahoma Corp. Com'n*, 516 F.3d 1217, 1224 n.2 (10th Cir. 2008) (citing *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991) (internal quotation marks omitted)). The Court, therefore, is not subject to the strict standards under Rules 59(e) and 60(b). *Id.*

Upon consideration of the Motion for Reconsideration and the entire file, the Court finds that Mr. Handy fails to demonstrate some reason why the Court should reconsider and vacate the Order to Amend or in the alternative proceed with severing the claims and defendants from the action. The Amended Complaint may be shorter, but Mr. Handy does not present the claims in a format that is short and concise. Mr. Handy makes conculsory and vague statements in the Cause of Action section of the Amended Complaint that refer to a repetitive and unnecessarily long chronological statement he provides in the Nature of the Case section of the Complaint, just as in the original Complaint.

Mr. Handy is subject to an initial review of his Complaint pursuant to Rule 8.1 of the Local Rules of Practice for the United States District Court for the District of Colorado. A decision to dismiss this action pursuant to Rule 8 is within the Court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). Mr. Handy's

failure to comply with Rule 8 is a basis for dismissal without considering misjoinder issues.  Therefore, if Mr. Handy desires to proceed with this action, he must file a Second Amended Complaint that complies with Rule 8 within the time allowed. Accordingly, it is

       ORDERED that the Motion for Reconsideration, ECF No. 21, is DENIED.

       DATED January 8, 2014, at Denver, Colorado.

                                      BY THE COURT:

                                      s/ Boyd N. Boland
                                      United States Magistrate Judge