IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01963-BNB

WYATT T. HANDY JR.,

    Plaintiff,

v.

DEP. VIGIL, Individual and Official Capacity,
UNKNOWN NURSE, Individual and Official Capacity,
PATTY KELLY, Individual and Official Capacity,
SHERIFF GREYSON ROBINSON, Individual and Official Capacity,
SGT. RANKIN, Individual and Official Capacity,
DEP. LANE, Individual and Official Capacity,
DEP. LITWILER, Individual and Official Capacity,
DEP. JOHNSON, Individual and Official Capacity,
DEP. HOBAUGH, Individual and Official Capacity,
DEP. THIRET, Individual and Official Capacity,
DEP. EMERSON, Individual and Official Capacity,
SGT. CLARK, Individual and Official Capacity,
DEP. HOPKINS, Individual and Official Capacity,
DEP. WOODS, Individual and Official Capacity,
DEP. VINCENT, Individual and Official Capacity,
DEP. KRAUS, Individual and Official Capacity,
SHERRI HADEK, Individual and Official Capacity,
CORNELIUS JOHNSON, Individual and Official Capacity,
SGT. SPAIN-MADRIGAL, Individual and Official Capacity,
LT. CRECELIUS, Individual and Official Capacity,
DOCTOR GROPE, Individual and Official Capacity,

    Defendants.

---

## ORDER OF DISMISSAL

---

On July 23, 2013, Plaintiff, Wyatt T. Handy Jr., filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 29 U.S.C. § 794(a) (Rehabilitation Act of 1973), 42 U.S.C. § 12132 (Americans with Disabilities Act), and the Religious Land Use and Institutionalized Persons Act.  The July 23 Complaint is fifty-three pages long

and names thirty-four defendants.  On October 18 and December 20, 2013, Magistrate Judge Boyd N. Boland directed Plaintiff to file an Amended Complaint that complied with Fed. R. Civ. P. 8.  In the October 18 Order, Magistrate Judge Boland found the July 23 Complaint is repetitive and unnecessarily long, and the claims rather than being presented in a short and concise format are based on a twenty-three page chronological statement of events.

Pursuant to the October 18 Order, Plaintiff filed an Amended Complaint on November 12, 2013.  The Amended Complaint is thirty-two pages long and names twenty-one defendants.  Magistrate Judge Boland reviewed this Complaint and found that Plaintiff failed to comply with Rule 8 and improperly combined seven separate claims against different defendants that may not be joined in one action under a conclusory retaliation claim.  Magistrate Judge Boland directed Plaintiff to file a Second Amended Complaint that is consistent with Rule 8 and the joinder requirements of the Federal Rules of Civil Procedure.

On January 6, 2014, Plaintiff filed a Motion for Reconsideration, ECF No. 21. Plaintiff asserts in the Motion that his claims in the November 12 Amended Complaint are presented in a short and concise format and his retaliation claim is supported by facts.  Plaintiff further asserts he is not subject to PLRA screening because he was not incarcerated at the time he filed the original Complaint and the Court should have raised the joinder and formatting issues in the October 18 Order.  Magistrate Judge Boland denied the Motion for Reconsideration, ECF No. 22, because Plaintiff was informed in the October 18 Order that his Complaint failed to comply with Rule 8 requirements because the claims are presented in a narrative, chronological format that is repetitive and unnecessarily long, and yet he did not correct this deficiency in the Amended

Complaint.  Further, Magistrate Judge Boland denied the Motion because Plaintiff's Complaint is subject to an initial review by the Court pursuant to Rule 8.1 of the Local Rules of Practice for the United States District Court for the District of Colorado, and the decision to dismiss this case under Rule 8.1 is within the sound discretion of the Court.

Plaintiff filed a Second Amended Complaint, ECF No. 23, on January 24, 2014. The Second Amended Complaint is thirty-seven pages long and names twenty-five defendants.  It is formatted in the same manner as Plaintiff's Amended Complaint and original Complaint.  Plaintiff does not state each claim in a concise and short format and instead incorporates in each claim the eight-page chronological narrative statement found on Pages Ten through Eighteen of the form.  The claims also are repetitive.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ."  Because Plaintiff has been given two opportunities to amend and assert short and concise claims, but has failed to do so in both amended complaints, the Court, within its sound discretion, will dismiss the action.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this

Order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  See *Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Complaint and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiff failed to comply with a Court order and with Fed. R. Civ. P. 8.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  30th  day of    January        , 2014.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court