IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01963-LTB


WYATT T. HANDY JR.,

      Plaintiff,

v.

DEP. VIGIL, Individual and Official Capacity,
UNKNOWN NURSE, Individual and Official Capacity,
PATTY KELLY, Individual and Official Capacity,
SHERIFF GREYSON ROBINSON, Individual and Official Capacity,
SGT. RANKIN, Individual and Official Capacity,
DEP. LANE, Individual and Official Capacity,
DEP. LITWILER, Individual and Official Capacity,
DEP. JOHNSON, Individual and Official Capacity,
DEP. HOBAUGH, Individual and Official Capacity,
DEP. THIRET, Individual and Official Capacity,
DEP. EMERSON, Individual and Official Capacity,
SGT. CLARK, Individual and Official Capacity,
DEP. HOPKINS, Individual and Official Capacity,
DEP. WOODS, Individual and Official Capacity,
DEP. VINCENT, Individual and Official Capacity,
DEP. KRAUS, Individual and Official Capacity,
SHERRI HADEK, Individual and Official Capacity,
CORNELIUS JOHNSON, Individual and Official Capacity,
SGT. SPAIN-MADRIGAL, Individual and Official Capacity,
LT. CRECELIUS, Individual and Official Capacity,
DOCTOR GROPE, Individual and Official Capacity,

      Defendants.

---

## ORDER DENYING MOTION TO AMEND OR ALTER JUDGMENT

---

The matter before the Court is the "Motion to Amend or Alter Judgment Pursuant

to Fe. R. Civ. P. 59(e)," filed by Wyatt T. Handy Jr., a *pro se* prisoner litigant, on

February 12, 2014.  Mr. Handy is in the custody of the Colorado Department of

Corrections and is incarcerated at the Kit Carson Correctional Center in Burlington,

Colorado.  Mr. Handy seeks reconsideration of the Court's Order of Dismissal entered on January 30, 2014.  The Court must construe the Motion liberally because Mr. Handy is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court will deny the Motion for the reasons stated below.

A litigant subject to an adverse judgment who seeks reconsideration by the district court of that adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  The Court will consider Mr. Handy's Motion pursuant to Rule 59(e) because it was filed within twenty-eight days after the dismissal was entered in this action on January  30, 2014. *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are:  (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

The Motion in part is a restatement of the Motion for Reconsideration that Mr. Handy filed on January 6, 2014.  For the same reasons stated by Magistrate Judge Boland in denying the January 6 Motion the Court will deny the February 12 Motion. The Court also does not find any additional argument by Mr. Handy that justifies reinstatement of the action, especially his claim that the Court has not construed his pleadings liberally.  The Court does hold a *pro se* pleading  to a less stringent standard than those drafted by attorneys," *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), but a plaintiff's *pro se* status does not entitle him to an application of different rules, *see Montoya v. Chao*, 296 F.3d 952, 958 (10th Cir. 2002).  Mr. Handy was directed to comply with Rule 8 of the Federal Rules of Civil Procedure, which he failed to do.  His claims were not submitted to the Court in a short and concise format as required by Rule 8.

The Court will deny Mr. Handy's Motion because he fails to demonstrate that the Court misapprehended the facts, his position, or the controlling law and that reinstatement of this action is deserving.  Accordingly, it is

ORDERED that Mr. Handy's Motion to Amend or Alter Judgment Pursuant to Fed. R. Civ. P. 59(e), ECF No. 26, filed on February 12, 2014, is denied.

DATED at Denver, Colorado, this __19th__ day of __February__, 2014.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court